**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Larry C.K. Nolte, ) ) Plaintiff, ) ) vs. ) ) Michael J. Astrue, Commissioner of Social ) Security, ) ) Defendant. ) ) | No. CV 11-02010-PHX-FJM **ORDER** |

The court has before it plaintiff's opening brief (doc. 13), defendant's response (doc. 17), and plaintiff's reply (doc. 18). Plaintiff was 30 years old on December 31, 2003, the alleged onset date of disability. He is a high school graduate and previously worked as an automobile painter. He began receiving treatment from his primary care physician Dr. Pena in 2003. In March 2004, he visited the emergency room at Mayo Clinic complaining of pain. His medical tests from that visit were normal. He saw a rheumatologist in April 2004 for fibromyalgia treatment. Rather than follow up with the specialist, plaintiff returned to Dr. Pena for treatment. Plaintiff was also treated for insomnia, weight loss, depression, and headaches in 2004. Plaintiff filed an application for Disability Insurance Benefits and Supplemental Security Income in 2004. An ALJ denied his request for benefits on September 15, 2006, and the Appeals Council denied review.

The ALJ followed the required five-step procedure in finding that plaintiff was not

1  disabled within the meaning of the Social Security Act. See 20 C.F.R. §§ 416.920(a),
2  404.1520(a). The ALJ determined that plaintiff had not performed substantial gainful
3  activity since December 31, 2003, and his fibromyalgia and sleeping disorder were severe
4  but did not meet or equal a listed impairment. Although he could not perform his past work,
5  the ALJ concluded that he could perform a reduced range of light work and a significant
6  number of available jobs existed for which he was qualified.

7  Judge Teilborg granted in part and denied in part the parties' cross-motions for
8  summary judgment on June 26, 2008. He found that the ALJ had given clear and convincing
9  reasons for rejecting Dr. Pena's evaluation and plaintiff's subjective testimony, but
10 committed reversible error in failing to address the testimony of plaintiff's wife. Tr. at 292-
11 302. He remanded the case for further development of the record on this issue "[b]ecause
12 a reasonable ALJ could (but would not be required to) find Plaintiff disabled on the basis of
13 this testimony." Tr. at 302.

14 Plaintiff filed a new claim on October 16, 2006, which was consolidated with the prior
15 claim on remand. Both claims allege the same onset date and same impairments. A new ALJ
16 held a hearing and, on September 3, 2009, determined that plaintiff is not disabled. He did
17 not limit his review to the specific issue of lay testimony, which was the subject of the
18 remand order. Instead, he conducted the entire five-step analysis. In step one, the ALJ
19 determined that plaintiff has not been gainfully employed since December 31, 2003. The
20 ALJ found at step two that plaintiff's fibromyalgia, chronic pain, and insomnia are severe
21 impairments when considered in combination, but under step three they do not meet or equal
22 a listed impairment. Next, the ALJ assessed plaintiff's residual functional capacity ("RFC")
23 and found that plaintiff could perform a reduced range of light or sedentary work. At steps
24 four and five, the ALJ found that although plaintiff cannot perform his past relevant work,
25 jobs for which he is qualified are available in significant numbers. Plaintiff contends that the
26 ALJ improperly rejected his testimony about the severity of his pain and fatigue, improperly
27 rejected his treating physician's opinion, and failed to consider his wife's statements. These
28 are the same claims raised by plaintiff in his prior appeal to this court.

**I**

We "disturb the denial of benefits only if the decision 'contains legal error or is not supported by substantial evidence.'" Tommasetti v. Astrue, 533 F.3d 1035, 1038 (9th Cir. 2008) (citation omitted). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id. (internal quotation marks and citation omitted). The "evidence must be more than a mere scintilla but not necessarily a preponderance." Connett v. Barnhart, 340 F.3d 871, 873 (9th Cir. 2003). "Where evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld." Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005).

**II**

Lay witness testimony about a plaintiff's symptoms cannot be disregarded without specific reasons. Nguyen v. Chater, 100 F.3d 1462, 1467 (9th Cir. 1996). The ALJ considered plaintiff's wife's testimony on remand. He discounted her testimony because he concluded that it was inconsistent with the evidence of record. Tr. at 281. Throughout the decision, the ALJ discussed evidence which is inconsistent with the wife's testimony and which suggests that plaintiff is not totally precluded from working. For example, plaintiff's wife said that he slept one to three hours per night. Id. Yet plaintiff said he gets about four hours of sleep per night. Id. at 279. His wife stated that performing small household chores causes him severe pain the next day. Id. at 281. Yet plaintiff reported being able to do chores such as "prepare meals [and] maintain a clean residence." Id. at 280. The inconsistencies provide sufficient reasons for not fully crediting plaintiff's wife's testimony about his symptoms. The ALJ did not err in disregarding plaintiff's wife's testimony.

**III**

Neither party discusses the weight, if any, to be given to the first ALJ's decision and this court's prior order. Judge Teilborg remanded for further analysis of a single issue. In all other respects, he affirmed the ALJ's decision. He explicitly found that the ALJ provided clear, convincing, and specific reasons for rejecting the treating physician's assessment and plaintiff's subjective testimony concerning his pain. Tr. at 300. An administrative agency

1  is bound to follow the instructions of the reviewing court on remand. See <u>Sullivan v.</u>
2  <u>Hudson</u>, 490 U.S. 877, 886, 109 S. Ct. 2248, 2254-55 (1989). Courts reviewing Social
3  Security cases after a limited remand have refused to re-examine issues settled by a district
4  court's prior order. <u>See, e.g.</u>, <u>Hulsey v. Astrue</u>, 622 F.3d 917, 925 (8th Cir. 2010) (law of the
5  case doctrine applies to administrative agencies on remand, including Social Security
6  proceedings); <u>Ischay v. Barnhart</u>, 383 F. Supp. 2d 1199, 1216 (C.D. Cal. 2005) ("the doctrine
7  of the law of the case and the rule of mandate apply to matters remanded to the Agency for
8  further proceedings").

9  The ALJ exceeded the scope of the remand order by reconsidering the case de novo.
10 Five circumstances exist under which a court has discretion to depart from the law of the case
11 doctrine and the rule of mandate: the first decision was clearly erroneous; an intervening
12 change in the law has occurred; the evidence on remand is substantially different; other
13 changed circumstances exist; or, a manifest injustice would otherwise result. <u>United States</u>
14 <u>v. Alexander</u>, 106 F.3d 874, 876 (9th Cir. 1997). None of these circumstances exists here.
15 On remand, the ALJ held a second hearing and plaintiff submitted additional medical
16 records, but no substantially different evidence has been adduced. Although plaintiff filed
17 an intervening claim, his complaints are the same. Judge Teilborg's order is a final decision
18 on the issues of the treating physician's opinion and plaintiff's subjective testimony. It is
19 entitled to preclusive effect.

20 Even if we did not credit the first decision, the second administrative decision
21 provides clear and convincing reasons for discrediting plaintiff's subjective testimony.
22 Plaintiff visited a physician for insomnia in 2005. The physician diagnosed restless leg
23 syndrome and stated that his insomnia could partly be due to this condition. But plaintiff
24 never returned for a follow-up appointment or received treatment for restless leg syndrome.
25 The ALJ discussed this failure to seek treatment in his decision and it weighs against finding
26 plaintiff credible. Additionally, he noted that a state nonexamining consultant had opined
27 that plaintiff is only "partially credible." These are clear and convincing reasons, supported
28 by the record, to discount his subjective complaints.

1   The ALJ also provides clear and convincing reasons for discounting Dr. Pena's opinion finding plaintiff disabled. Dr. Pena filled out check-the-box forms on January 14, 2005; January 27, 2005; July 24, 2006; and April 3, 2007 in which he concluded that plaintiff was disabled. Tr. at 183-84, 186-88, 206-07, app'x 1. The severity of some restrictions varied, but Dr. Pena found that plaintiff could sit less than one hour, stand and walk no more than two hours, lift and carry less than ten pounds, never be around unprotected heights or moving machinery, and never drive automotive equipment. Dr. Pena's last opinion, in November 2007, was the notation on a prescription pad that plaintiff is "not able to work + is totally disabled due to fibromyalgia, depression." Tr. at 168.

   When the opinion of a treating physician is contradicted by the opinions of non-treating physicians, the ALJ may reject it only if he gives specific, legitimate reasons for doing so that are based on substantial evidence. Reports of nonexamining advisors may serve as substantial evidence when they are supported by and consistent with other evidence in the record. Andrews v. Shalala, 53 F.3d 1035, 1041 (9th Cir. 1995). Dr. Holland, an examining physician, determined that plaintiff had no limitations in sitting, standing, or walking, could occasionally lift and carry 20-30 pounds and frequently lift and carry 10-15 pounds, and could occasionally climb. Dr. Glodek, a nonexamining consultant, determined that plaintiff was capable of a range of light work. Dr. Finch, an examining psychologist, opined that plaintiff's impairments did not prevent him from working. These reports are consistent with one another and other evidence in the record. To the extent they are inconsistent with evidence from plaintiff and his wife, such evidence was properly discounted as not credible.

   A treating physician's opinion may be given less weight if it is based mainly on plaintiff's subjective complaints and those complaints have been properly discounted. Morgan v. Comm'r of Soc. Sec. Admin., 169 F.3d 595, 602 (9th Cir. 1999). The ALJ properly discounted plaintiff's accounts of his symptoms and limitations. The ALJ gave specific, legitimate reasons for rejecting Dr. Pena's opinion.

**IV**

Based on the foregoing, we conclude that the ALJ's determination that plaintiff is not disabled, and therefore not eligible for benefits, is supported by substantial evidence in the record. Accordingly, **IT IS ORDERED AFFIRMING** the Commissioner's denial of benefits.

DATED this 26th day of September, 2012.

*Frederick J. Martone*
Frederick J. Martone
United States District Judge